# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 223

State of North Dakota, by and through

Workforce Safety and Insurance,                                    Appellant

      v.

Jason E. Tolman,                                                   Respondent

## No. 20200025

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REINSTATED.

Opinion of the Court by VandeWalle, Justice.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for appellant.

Jason E. Tolman, respondent; no appearance.

**VandeWalle, Justice.**

[¶1]   Workforce Safety and Insurance ("WSI") appealed from a district court judgment affirming an administrative law judge's ("ALJ") order that affirmed WSI's April 2018 order awarding permanent impairment benefits to Jason Tolman and that reversed WSI's July 2018 order denying benefits for his depression and anxiety conditions. We conclude the ALJ erred in applying N.D.C.C. § 65-01-02(10)(a)(6) and concluding Tolman established his depression and anxiety conditions were compensable. We affirm that part of the ALJ's order affirming WSI's April 2018 order; but we reverse that part of the ALJ's order reversing WSI's July 2018 order, and we reinstate WSI's July 2018 order.

I

[¶2]   In September 2014, Tolman was injured when he was driving a tanker truck and involved in a single vehicle roll-over accident. WSI accepted his claim for benefits. In April 2018, WSI issued an order awarding Tolman $4,905 in permanent impairment benefits based on a determination that he had sustained a 16 percent impairment of the whole body. In July 2018, WSI issued an order denying benefits in connection with his depression and anxiety, deciding these conditions were not caused by his physical injury and existed before the work injury. Tolman requested an administrative hearing on the orders, and a hearing was held before an independent ALJ in April 2019.

[¶3]   In May 2019, the ALJ issued findings of fact, conclusions of law, and an order. In the order, the ALJ affirmed WSI's April 2018 order awarding permanent impairment benefits. The ALJ, however, reversed WSI's July 2018 order. The ALJ concluded a preponderance of the evidence established that Tolman's physical injury was at least 50 percent of the cause of his mental or psychological condition as compared with all other contributing causes and established that his depression and anxiety following his work accident are not "attributable" to depression and anxiety that he had previously experienced.

The ALJ held Tolman had proven his depression and anxiety were compensable psychological conditions under North Dakota workers compensation laws.

[¶4] WSI requested reconsideration of the ALJ's May 2019 order, which the ALJ denied. In July 2019, WSI appealed the ALJ's decision to the district court. In November 2019, the court issued a memorandum opinion and order affirming the ALJ's order, and judgment was entered.

II

[¶5] Courts exercise limited appellate review of administrative agency decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32. *Beam v. N.D. Workforce Safety & Ins. Fund*, 2020 ND 168, ¶ 13, 946 N.W.2d 486. Under N.D.C.C. §§ 28-32-46 and 28-32-49, the district court and this Court must affirm an order of an administrative agency unless:

> 1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
> 8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46. On appeal from a district court order reviewing an ALJ's decision, this Court reviews the ALJ's decision and not that of the district court. *See* N.D.C.C. § 28-32-49.

[¶6]   "When reviewing an appeal from a final order issued by an independent ALJ, courts apply the same deferential standard of review to the ALJ's factual findings as used for agency decisions." *Beam*, 2020 ND 168, ¶ 14; *see also State ex rel. Workforce Safety & Ins. v. Questar Energy Servs., Inc.*, 2017 ND 241, ¶ 7, 902 N.W.2d 757. "Recognizing the ALJ had the opportunity to observe witnesses and the responsibility to assess the credibility of witnesses and resolve conflicts in the evidence, in reviewing the ALJ's findings of fact we do not make independent findings or substitute our judgment for that of the ALJ; we determine only whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record." *Beam*, at ¶ 14 (quoting *Bishop v. N.D. Workforce Safety & Ins.*, 2012 ND 217, ¶ 6, 823 N.W.2d 257) (internal quotation marks omitted). We do not give deference to an independent ALJ's legal conclusions. *Id.* Questions of law are fully reviewable on appeal. *Id.*

III

[¶7]   No issue has been raised on appeal regarding WSI's April 2018 order regarding the permanent impairment award. Tolman did not cross-appeal and has not filed a brief on appeal. We therefore affirm the ALJ's order to the extent it affirmed WSI's April 2018 order.

[¶8]   WSI argues that the ALJ erred in determining that Tolman had established his depression and anxiety were compensable conditions by failing to properly apply N.D.C.C. § 65-01-02(10)(a)(6) when those conditions pre-existed the work injury. WSI further argues the ALJ did not properly analyze the evidence under the applicable law in determining compensability of Tolman's mental and psychological condition.

[¶9]   The dispositive issue in this appeal is whether the ALJ misconstrued N.D.C.C. § 65-01-02(10)(a)(6), which is now codified at N.D.C.C. § 65-01-02(11)(a)(6). Statutory interpretation presents a question of law. *Vail v. S/L Servs., Inc.*, 2017 ND 202, ¶ 12, 900 N.W.2d 271; *Mosser v. Denbury Res., Inc.*, 2017 ND 169, ¶ 13, 898 N.W.2d 406. "The primary objective in interpreting statutes is to determine legislative intent, and that intent initially must be sought from the language of the statute." *Vail*, at ¶ 12 (citing *Mosser*, at ¶ 13).

Statutory provisions "are to be construed liberally, with a view to effecting its objects and to promoting justice." N.D.C.C. § 1-02-01. Statutory provisions are given their plain, ordinary, and commonly understood meaning unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. Words and phrases are construed according to the context in which they are used and technical words defined by statute must be construed according to the definition. N.D.C.C. § 1-02-03. Statutes are construed as a whole and harmonized to give meaning to related provisions. N.D.C.C. § 1-02-07. Statutes are construed to give effect to all of their provisions so no part of a statute is rendered inoperative or superfluous. N.D.C.C. § 1-02-38(2) and (4). "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. If the language of a statute is ambiguous or of doubtful meaning, however, a court may resort to extrinsic aids to determine the intention of the legislation, including the object sought to be obtained, the circumstances under which the statute was enacted and the legislative history. N.D.C.C. § 1-02-39. "A statute is ambiguous if it is susceptible to differing but rational meanings." *Mosser*, at ¶ 13.

*Vail*, at ¶ 12.

[¶10] Section 65-01-02(10), N.D.C.C., defined "compensable injury" for purposes of awarding benefits, stating in relevant part:

"Compensable injury" means an injury by accident arising out of and in the course of hazardous employment which must be established by medical evidence supported by objective medical findings.
a. The term includes:
. . . .
(6) A mental or psychological condition caused by a physical injury, but only when the physical injury is determined with reasonable medical certainty to be at least fifty percent of the cause of the condition as compared with all other contributing causes combined, *and only when the condition did not preexist the work injury*.
b. The term does not include:
. . . .

4

(7) Injuries attributable to a preexisting injury, disease, or other condition, including when the employment acts as a trigger to produce symptoms in the preexisting injury, disease, or other condition unless the employment substantially accelerates its progression or substantially worsens its severity. Pain is a symptom and may be considered in determining whether there is a substantial acceleration or substantial worsening of a preexisting injury, disease, or other condition, but pain alone is not a substantial acceleration or a substantial worsening.

(Emphasis added.) *See Davenport v. Workforce Safety & Ins. Fund*, 2013 ND 118, ¶ 17, 833 N.W.2d 500 (discussing when the legislature permits compensation for mental and psychological conditions).

[¶11] WSI argues the ALJ's construction and application of N.D.C.C. § 65-01-02(10)(a)(6) is erroneous and requires reversal. WSI contends there was no dispute that Tolman had been diagnosed with anxiety and depression before the work injury. WSI asserts that medical information in the record confirms this fact and that, even after the work injury, his treating physician documented that the medication (Cymbalta) he was taking for the last 6 to 7 years was for "mood stabilization."

[¶12] WSI further argues the ALJ did not properly analyze the evidence under the applicable law in determining compensability of Tolman's mental and psychological condition. WSI contends the evidence unequivocally established both of his conditions pre-existed the work injury. WSI contends the ALJ did not reasonably consider the evidence in deciding the compensability of his mental and psychological condition because the ALJ relied on notations showing that WSI had previously paid for psychological treatment encompassed within programs to treat his other compensable medical conditions.

[¶13] Here, the ALJ found Tolman, in fact, had depression and anxiety that pre-existed the work injury, but concluded the depression and anxiety conditions after the work accident were not "attributable" to the pre-existing depression and anxiety. The ALJ defined "attributable," pulling that term from

5

N.D.C.C. § 65-01-02(10)(b)(7), and concluded Tolman's psychological condition was compensable because the depression and anxiety Tolman was experiencing were not "attributable" to the anxiety and depression that pre-existed the work injury.

[¶14] The plain language of N.D.C.C. § 65-01-02(10)(a)(6), however, does not include the word "attributable." We agree with WSI's argument that the ALJ erred by including the word "attributable" to construe and apply N.D.C.C. § 65-01-02(10)(a)(6). Rather, N.D.C.C. § 65-01-02(10)(a)(6) provides the circumstances under which a claimant's mental or psychological condition "caused by a physical injury" will be "compensable." By contrast, N.D.C.C. § 65-01-02(10)(b)(7) provides that pre-existing conditions are not compensable "unless the employment substantially accelerates its progression or substantially worsens its severity."

[¶15] By including the word "attributable" in construing N.D.C.C. § 65-01-02(10)(a)(6), the ALJ has altered the meaning of "compensable injury." Put another way, while N.D.C.C. § 65-01-02(10)(a)(6) defines compensability for a claimant's mental or psychological condition, N.D.C.C. § 65-01-02(10)(a)(7) excludes pre-existing conditions subject to an exception for substantial acceleration or substantial worsening. The ALJ has in effect broadened compensability by using terminology from a broad exclusion that contains a narrow exception.

[¶16] Moreover, "[u]nder N.D.C.C. § 1-02-07, '[s]pecific provisions control over general provisions.'" *Rocky Mountain Steel Found., Inc. v. Brockett Co., LLC*, 2018 ND 96, ¶ 11, 909 N.W.2d 671 (quoting *In re Milbrath*, 508 N.W.2d 360, 363 (N.D. 1993)). In this case, N.D.C.C. § 65-01-02(10)(a)(6) provides that for the mental or psychological condition to be compensable, that condition may not "preexist the work injury." This definition of what is "compensable," therefore, controls over the definition of what is "not compensable" under N.D.C.C. § 65-01-02(10)(b)(7). In other words, N.D.C.C. § 65-01-02(10)(b)(7) does not provide compensability for a "mental or psychological condition" that is not defined as compensable under N.D.C.C. § 65-01-02(10)(a)(6).

[¶17] We conclude the ALJ misconstrued N.D.C.C. § 65-01-02(10)(a)(6) to conclude Tolman's preexisting mental or psychological conditions were compensable injuries. Under these facts and circumstances, because the ALJ erred in applying the law and the ALJ's findings and evidence in the record support that Tolman's mental or psychological condition pre-existed his work injury, we reverse the ALJ's order to the extent that it reversed WSI's July 2018 order. We reinstate WSI's July 2018 order.

## IV

[¶18] We affirm that part of the ALJ's order affirming WSI's April 2018 order; but we reverse that part of the ALJ's order reversing WSI's July 2018 order, and we reinstate WSI's July 2018 order.

[¶19]  Gerald W. VandeWalle
     Jerod E. Tufte
     Lisa Fair McEvers
     Daniel J. Crothers
     Jon J. Jensen, C.J.