# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 213

| | |
|---|---|
| Cliff Provins, | Appellant |
| v. | |
| Workforce Safety and Insurance Fund, | Appellee |
| and | |
| Environmental LLC/Center Coal Co., | Respondent |

### No. 20220060

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Dean J. Haas, Bismarck, ND, for appellant.

Mitchell D. Armstrong, Bismarck, ND, for appellee.

**Jensen, Chief Justice.**

[¶1]   Cliff Provins appeals from a district court judgment affirming an administrative law judge's ("ALJ") decision that affirmed a Workforce Safety and Insurance ("WSI") order denying liability for his post-traumatic stress disorder ("PTSD") and ending disability benefits in November 2019. We conclude the ALJ did not err in concluding Provins's PTSD was not compensable and a reasoning mind could reasonably conclude his physical injuries did not cause his PTSD. We affirm.

I

[¶2]   In May 2019 Provins sustained injuries to his ribs and chest at work when a trailer fell on him while he was working underneath it. WSI accepted his claim for benefits for physical injuries to the scalp, chest and ribs, and internal organs (liver contusion). Provins was treated for those injuries and was subsequently diagnosed with PTSD. In August 2020 WSI issued an order denying benefits in connection with his PTSD and discontinuing disability benefits as of November 5, 2019. Provins requested an administrative hearing.

[¶3]   In April 2021 an ALJ held an evidentiary hearing on the issues of whether Provins's PTSD was compensable and whether he was entitled to disability benefits. In July 2021 the ALJ issued findings of fact, conclusions of law, and an order affirming WSI's order. The ALJ determined Provins's PTSD was not a compensable injury and discontinued disability benefits after November 5, 2019.

[¶4]   Provins petitioned for reconsideration. In August 2021 the ALJ issued an order on reconsideration, amending the prior decision to address disability benefits in the event his PTSD was determined to be compensable on appeal. The ALJ concluded Provins was not entitled to disability benefits after November 15, 2019, based on his termination from employment after he had returned to work following his injury. Provins appealed to the district court, which affirmed the ALJ's decision.

[¶5] "Courts exercise limited appellate review of administrative agency decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32." *State by & through Workforce Safety & Ins. v. Tolman*, 2020 ND 223, ¶ 5, 950 N.W.2d 144. In an appeal, a reviewing court must affirm an order of an administrative agency unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46. On appeal from a district court order reviewing an ALJ's decision, this Court reviews the ALJ's decision and not that of the district court. N.D.C.C. § 28-32-49.

[¶6] "When reviewing an appeal from a final order issued by an independent ALJ, courts apply the same deferential standard of review to the ALJ's factual findings as used for agency decisions." *Tolman*, 2020 ND 223, ¶ 6 (quoting *Beam v. N.D. Workforce Safety & Ins. Fund*, 2020 ND 168, ¶ 14, 946 N.W.2d 486); *see also State ex rel. Workforce Safety & Ins. v. Questar Energy Servs., Inc.*, 2017 ND 241, ¶ 7, 902 N.W.2d 757.

Recognizing the ALJ had the opportunity to observe witnesses and the responsibility to assess the credibility of witnesses and resolve

conflicts in the evidence, in reviewing the ALJ's findings of fact we do not make independent findings or substitute our judgment for that of the ALJ; we determine only whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record.

*Tolman*, at ¶ 6 (quoting *Beam*, at ¶ 14). We do not give deference to an independent ALJ's legal conclusions, and questions of law are fully reviewable on appeal. *Id.*

## III

[¶7] Provins argues that the physical injuries he suffered when he was crushed under a trailer are at least 50 percent of the "proximate cause" of his PTSD, and the PTSD is therefore a "compensable injury" under N.D.C.C. § 65-01-02(11)(a)(6), formerly codified at N.D.C.C. § 65-01-02(10)(a)(6).

[¶8] A claimant has the burden to prove by a preponderance of evidence that the claimant has sustained a "compensable injury" and is entitled to workers' compensation benefits. N.D.C.C. § 65-01-11; *State ex rel. Workforce Safety & Ins. v. Sandberg*, 2021 ND 39, ¶ 13, 956 N.W.2d 342; *Davenport v. Workforce Safety & Ins. Fund*, 2013 ND 118, ¶ 13, 833 N.W.2d 500. A claimant must prove the medical condition for which benefits are sought is causally related to a work injury. *Davenport*, at ¶ 13; *Bergum v. N.D. Workforce Safety & Ins.*, 2009 ND 52, ¶ 11, 764 N.W.2d 178. To establish this "causal connection," a claimant must demonstrate the claimant's employment was a "substantial contributing factor" to the disease or injury and need not show the employment was the sole cause of the injury. *Davenport*, at ¶ 13; *Bruder v. N.D. Workforce Safety & Ins. Fund*, 2009 ND 23, ¶ 8, 761 N.W.2d 588.

[¶9] Regarding whether a "compensable injury" includes a "mental or psychological condition," N.D.C.C. § 65-01-02(10), at the relevant time, provided in part:

> "Compensable injury" means an injury by accident arising out of and in the course of hazardous employment which must be established by medical evidence supported by objective medical findings.

3

a. The term includes:

. . . .

(6) A mental or psychological condition caused by a physical injury, *but only when the physical injury is determined with reasonable medical certainty to be at least fifty percent of the cause of the condition as compared with all other contributing causes combined,* and only when the condition did not pre-exist the work injury.

. . . .

b. The term does not include:

. . . .

(10) A mental injury arising from mental stimulus.

(Emphasis added.)

[¶10] In *Davenport*, 2013 ND 118, ¶ 17, this Court construed N.D.C.C. § 65-01-02(10)(a)(6) and N.D.C.C. § 65-01-02(10)(b)(10) and explained that the "causal connection" necessary in this context to establish when a mental or psychological condition is compensable under the statutory scheme:

> The legislature permits compensation for mental or psychological conditions "only when the physical injury is determined with reasonable medical certainty to be at least fifty percent of the cause of the condition as compared with all other contributing causes combined." N.D.C.C. § 65-01-02(10)(a)(6). A compensable injury does not include a "mental injury arising from mental stimulus." N.D.C.C. § 65-01-02(10)(b)(10). The plain language of those provisions requires a physical injury to be at least 50 percent of the cause of a mental or psychological condition and contemplates a comparative assessment of other causes contributing to a mental or psychological condition. That language authorizes benefits *only when at least a 50 percent causal connection exists between the claimant's physical injury and mental or psychological condition* and does not permit benefits *for an indeterminate relationship* between a claimant's work situation and the claimant's mental or psychological condition.

(Emphasis added.)

4

[¶11] Under N.D.C.C. § 65-02-08, the legislature authorized WSI to promulgate and enforce administrative rules necessary to carry out Title 65, N.D.C.C. WSI has adopted N.D. Admin. Code § 92-01-02-02.5, further clarifying the requisite "causal connection" under N.D.C.C. § 65-01-02(10)(a)(6) for when a physical injury is at least 50 percent of the cause of the mental or psychological condition and defining what the phrase "other contributing causes" includes. At the time relevant here, N.D. Admin. Code § 92-01-02-02.5 (2018), which WSI adopted to implement N.D.C.C. § 65-01-02, provided:

> As used in subparagraph 6 of subdivision a of subsection 10 of North Dakota Century Code section 65-01-02:
> 1. "A mental or psychological condition" must be directly caused by a physical injury. To be *directly caused* it must be shown with objective medical evidence that *the mental or psychological condition is the physiological product of the physical injury*.
> 2. "Other contributing causes" include emotional circumstances that generally accompany work-related injuries, such as the loss of function, loss of self-esteem, loss of financial independence, divorce, loss of career or employment position, disruption to lifestyle or family units, *anxiousness*, uncertainty, or compromised ability to participate in lifestyles, hobbies, or pastimes.

(Emphasis added.)

A

[¶12] Properly promulgated administrative rules have the force and effect of law. N.D.C.C. § 28-32-06. An administrative rule that exceeds or supersedes an agency's statutory authority or conflicts with the statute it implements, however, is void or invalid. *Sloan v. N.D. Workforce Safety & Ins.*, 2011 ND 194, ¶ 10, 804 N.W.2d 184 (citing *N.D. Dep't of Human Servs. v. Ryan*, 2003 ND 196, ¶ 10, 672 N.W.2d 649; *Little v. Tracy*, 497 N.W.2d 700, 704 (N.D. 1993); *Moore v. N.D. Workmen's Comp. Bureau*, 374 N.W.2d 71, 74 (N.D. 1985); *Steele v. N.D. Workmen's Comp. Bureau*, 273 N.W.2d 692, 701 (N.D. 1978)). "Whether an administrative agency has acted within its statutory authority presents a question of law, which is fully reviewable on appeal." *Sloan*, at ¶ 10.

[¶13] An administrative agency is bound by its own duly issued regulations and has a reasonable range of informed discretion. *Martin v. Stutsman Cnty. Soc. Servs.*, 2005 ND 117, ¶ 13, 698 N.W.2d 278. Administrative regulations, as derivatives of statutes, are construed under well-established principles for statutory construction. *Sloan*, 2011 ND 194, ¶ 14. Statutory construction requires related provisions to be interpreted together, when possible, to harmonize and give meaning to each provision. *See id.; Martin*, at ¶ 13.

[¶14] While not identified as a separate issue on appeal, Provins appears to suggest the phrase "directly caused by" a physical injury in N.D. Admin. Code § 92-01-02-02.5 is at odds or inconsistent with the language of N.D.C.C. § 65-01-02(10)(a)(6), providing compensability for mental or psychological conditions when the physical injury is at least 50 percent of "the cause of the condition." Provins contends WSI's promulgation of N.D. Admin. Code § 92-01-02-02.5, requiring proof the "mental or psychological condition is the physiological product of the physical injury," alters and grafts additional language onto the statutory non-compensability subsection, N.D.C.C. § 65-01-02(10)(b)(10), which only denies mental injury claims arising from mental stimulus. Provins contends WSI's rule is inconsistent with the coverage for mental injuries under N.D.C.C. § 65-01-02(10)(a)(6) and argues the rule's wholesale denial of "all" mental injury claims cannot be the legislature's intent.

[¶15] The plain language of N.D.C.C. § 65-01-02(10)(a)(6) necessarily contemplates limited compensability for a mental or psychological condition because "the physical injury" must be determined with reasonable medical certainty to be at least 50 percent of the "cause of the condition." As explained in *Davenport*, 2013 ND 118, ¶ 17, for a mental or psychological condition to be compensable, N.D.C.C. § 65-01-02(10)(a)(6) "requires a physical injury to be at least 50 percent of the cause of a mental or psychological condition," "contemplates a comparative assessment of other causes contributing to a mental or psychological condition," and "authorizes benefits *only when at least a 50 percent causal connection exists* between the claimant's physical injury and mental or psychological condition." (Emphasis added.)

6

[¶16] In determining the requisite "50 percent causal connection" for compensability, WSI's administrative rule provides the claimant's physical injury must "directly cause" the mental or psychological condition. *See* N.D. Admin. Code § 92-01-02-02.5(1); *see also Davenport*, 2013 ND 118, ¶ 17. WSI's rule clarifies the "at least 50 percent causal connection" required under N.D.C.C. § 65-01-02(10)(a)(6) does not include indirect or indeterminate causes of a mental or psychological condition; but rather, to be "directly caused by," the "objective medical evidence" must show "the mental or psychological condition is the physiological product of *the physical injury*." N.D. Admin. Code § 92-01-02-02.5(1) (emphasis added). Under N.D.C.C. § 65-01-02(10)(a)(6), therefore, the requisite "50 percent causal connection" that a claimant must prove focuses on the claimant's physical injury as the direct cause of the claimed mental or psychological condition, as opposed to other indirect or indeterminate causes of the condition.

[¶17] On the basis of our review, and consistent with our *Davenport* decision, we conclude the phrase "directly caused by," as used in N.D. Admin. Code § 92-01-02-02.5, is not at odds or inconsistent with the "cause of the condition" language in N.D.C.C. § 65-01-02(10)(a)(6), for purposes of determining compensability.

B

[¶18] Provins argues that his PTSD is a compensable mental injury arising from his physical injury, rather than a noncompensable mental injury arising from mental stimulus.

[¶19] Provins asserts that he did not experience a mere mental stimulus unconnected to a physical injury and that N.D.C.C. § 65-01-02(10)(a)(6) provides coverage for mental injury "caused by a physical injury." He argues that, when read together and harmonized, the clear meaning of the statutes is to exclude coverage "only when there is no underlying physical injury" that is the proximate cause of the mental injury. He asserts that this interpretation is consistent with the WSI's expert's "initial" opinion and that his PTSD was triggered by an ensuing "cortisol rush" when he was crushed and pinned

underneath a heavy trailer. He asserts the crush injury is the "proximate cause" of the nightmares and episodic flashbacks that is PTSD.

[¶20] Provins further argues that he and the doctors have not identified any separate mental stressors severable from his physical injury that contributed to his PTSD and that WSI's re-focusing on the injuries "in and of themselves" is not a valid legal theory. He asserts that the evidence shows his physical crush injury is not simply incidental and that he would not have developed PTSD apart from the crush injury. He contends that the question is whether the physical injury is the "proximate cause" of the mental injury and that his PTSD is compensable because the physical injury caused him to suffer the nightmares and episodic flashbacks.

[¶21] WSI responds, however, that Provins's position would result in compensability of mental or psychological conditions whenever there is a "non-incidental physical injury" and the mental or psychological condition is at least 50 percent caused by the mere fact a work event occurred. WSI asserts that there is no dispute Provins's claimed physical injuries have resolved and he no longer claims entitlement to any benefits, except in relation to PTSD; in other words, there no longer remains any physical injury.

[¶22] Here, the ALJ found there was no dispute that Provins suffers from PTSD or that his PTSD was caused by the work incident. The ALJ correctly observed, however, that the issue is whether his PTSD was caused by his physical injuries. In resolving this issue, the ALJ addressed the two specific arguments presented by Provins: 1) that his PTSD was caused by the physical injuries because it is impossible to separate the physical injuries from the PTSD; and 2) that PTSD is a physical injury to the brain because it alters the pathways between the amygdala, cingulate cortex, and hippocampus. The ALJ ultimately found that Provins's physical injuries did not cause his PTSD, explaining as follows:

> Absent finding PTSD a physical injury, the physical injuries suffered by Provins include a scalp contusion, contusion and strain of the thorax, rib injuries, and a contusion of the liver. While differing on the phraseology, the doctors providing opinions in this

8

case all agreed PTSD is caused by exposure to a life-threatening incident. There is no dispute that the life-threatening event which triggered the PTSD and the physical injuries such as broken ribs and liver contusion stem from work incident—Provins being caught under a 2,000 pound trailer. However, the greater weight of the evidence does not show that the PTSD was caused by the actual physical injuries. In other words, Provins would likely still have PTSD even if he did not suffer broken ribs and contusion of the liver.

> Regarding Provins['s] second argument, neither statute, nor WSI's rules, define the term "physical injury." According to [Provins's expert Dr.] Swenson, the "physical injury" would be damage to the amygdala, cingulate cortex, and hippocampus and the pathways between those parts of the brain. The evidence of this damage are the symptoms Provins suffers. When applying the definition of a compensable injury to this case, it's clear the "mental or psychological condition" is PTSD. Interpreting the damage to the brain as the statutorily required "physical injury" would mean PTSD is always compensable. . . . If the legislature intended to consider PTSD, or similar mental and psychological conditions, a physical injury, there would be no need for N.D.C.C. §§ 65-01-[02](11)(a)(6) and 65-01-[02](11)(b)(10) [formerly N.D.C.C. §§ 65-01-02(10)(a)(6) and 65-01-02(10)(b)(10)]. Clarity could be provided to the statute by defining the term "physical injury." However, the legislature chose to use two terms and for each term to have meaning, the terms must mean something different. "Physical injury" must refer to an injury other than the "mental or psychological condition."

The ALJ held Provins's PTSD was not compensable because the ALJ found his physical injuries—*i.e.*, scalp contusion, broken ribs, and liver contusion—did not cause his PTSD. The ALJ concluded the law requires a link to the physical injury and not merely the work incident. The ALJ found Provins failed to establish with sufficient medical evidence that his physical injuries caused his PTSD.

[¶23] Although Provins claims on appeal that his physical injuries need only be a "proximate cause" of his PTSD, the requisite "causal connection" under N.D.C.C. § 65-01-02(10)(a)(6) requires his physical injuries to be at least 50 percent of the cause of his PTSD, contemplating a comparative assessment of

9

other causes contributing to his PTSD. *See Davenport*, 2013 ND 118, ¶ 17. In establishing "at least a 50 percent causal connection," N.D. Admin. Code § 92-01-02-02.5 provides his physical injuries must "directly cause" his PTSD, meaning "objective medical evidence" must show his PTSD is the physiological product of his physical injuries.

[¶24] Provins essentially asks this Court to reweigh the evidence about the "causal connection" between his physical injuries and his PTSD. On this record and under our deferential standard of review, we conclude a reasoning mind reasonably could conclude Provins failed to establish the requisite causal connection between his physical injuries and his PTSD, as compared with all other contributing causes. We conclude the ALJ's findings are supported by a preponderance of the evidence and support the ALJ's conclusion denying his claim for benefits for his PTSD. We affirm WSI's denial of Provins's claim for benefits for his PTSD.

IV

[¶25] Provins argues that he is entitled to disability benefits because he was terminated at a time he was not medically released for work and for pretextual reasons. Section 65-05-08, N.D.C.C. (2018), addresses disability benefits, providing in relevant part:

> 6. It is the burden of the employee to show that the inability to obtain employment or to earn as much as the employee earned at the time of injury is due to physical limitation related to the injury, and that any wage loss claimed is the result of the compensable injury.
> 7. If the employee voluntarily limits income or refuses to accept employment suitable to the employee's capacity, offered to or procured for the employee, the employee is not entitled to disability or vocational rehabilitation benefits during the limitation of income or refusal to accept employment unless the organization determines the limitation or refusal is justified.

[¶26] Provins argues WSI's order is conclusory and offers little explanation of the actual grounds used to deny disability benefits. He rejects that his disability is caused by a noncompensable PTSD, contending that if his PTSD

is compensable, he is entitled to disability because his doctor had taken him off work in October 2019 because of his PTSD. Provins further contends he was not terminated from his employment for cause and was terminated for pretextual reasons. He asserts his termination in November 2019 occurred before he had been medically released for work and his employer had confirmed it had no work for him. He asserts his termination in the midst of total disability from PTSD is a "subterfuge defense" to nonpayment of disability to which he is entitled.

[¶27] Here, because the ALJ initially concluded Provins's PTSD was not compensable, the ALJ did not address whether he was entitled to benefits after November 2019 due to his termination from employment. In the ALJ's subsequent order on reconsideration, the ALJ reiterated that this issue is moot but may be relevant if his PTSD is held to be compensable on appeal. The ALJ found the greater weight of the evidence establishes Provins voluntarily limited his income and his termination for cause in November 2019 "was not related to his work injury or work restrictions." The ALJ found the termination was because of his ongoing issues with his previous supervisor.

[¶28] Because we affirm the ALJ's conclusion that Provins's PTSD is not compensable, we therefore agree with the ALJ's determination that this issue is moot.

V

[¶29] We have considered Provins's remaining arguments and conclude they are either without merit or unnecessary to our decision. The judgment is affirmed.

[¶30] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

11